UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MICHAEL J. TILLMAN, SR.                             CIVIL ACTION

VERSUS                                              NO. 12-1032

WESTWEGO POLICE DEPARTMENT                          DIVISION (3)

**ORDER**

Before the Court is defendant's Motion for Summary Judgment [Doc. #8]. The Court ultimately set the motion for oral hearing on October 24, 2012. [Doc. #14]. Before that date, counsel for plaintiff informed the Court that he does not oppose the motion. The Court then took the motion under advisement on the briefs on October 29, 2012. For the following reasons, the Court grants the motion.[1]

**I.      Background**

This lawsuit arises as a result of plaintiff Michael Tillman's termination from the Westwego Police Department (the "Department") after an investigation into his alleged operation of a business for profit without permission from Chief of Police, Dwayne J. Munch, Sr.

On March 10, 2009, Tillman completed an application to participate in the Westwego Farmers & Fisheries Market event ("the Market event") that was to be held on June 14, 2009. The

---

[1]      The parties consented to proceed before the undersigned. [Doc. #15].

following day, Munch circulated a memorandum to all Department employees, which reminded them of the existing Department policy that no employee was to operate a business for profit within the city limits of Westwego. Tillman asked Munch if he could help to coordinate the Market event, and Munch told him no. Tillman asked Munch if his girlfriend, Denise Johnson, and his uncle, Lawrence Brown, could coordinate the Market event. Munch replied that it would be no problem. Tillman then crossed his name out as the responsible party on the application, and Brown signed it as the responsible party.

In violation of Munch's order, Tillman helped to coordinate the Market event by seeking donations of tablecloths from Loop Linen for use at the event. Tillman also assisted at the actual Market event. Lastly, Tillman was not forthcoming with Lt. Eric Orlando in connection with Orlando's investigation into Tillman's participation at the Market event.

After an investigation, Munch terminated Tillman from the Department for violations of the departmental regulations set forth in the Department's Operations Manual. Specifically, Munch concluded that Tillman violated: (1) WPDR 12-2, Art. 54, Disobedience of Orders; (2) WPDR 15-2, Art. 29, Truthfulness; (3) WPDR 12-7, Rewards Gifts & Gratuities; and (4) WPDR 15-2, Outside Employment.

Tillman appealed his termination to the Westwego Fire and Police Civil Service Board (the "Board"), and the Board held a hearing on August 18, 2009. At the conclusion of the hearing, the Board upheld Tillman's termination and the Department's determination as to three of the four rule violations. The Board overturned the Department's determination that Tillman had violated WPDR 15-2 regarding outside employment. In short, however, the Board found Tillman's termination to be justified.

Tillman appealed the Board's decision under Louisiana Revised Statute § 33:2561 by filing a Motion for Entry of Judgment of Reversal on Appeal with the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana (the "24th JDC"). On August 13, 2010, following a hearing, that court denied Tillman's request. Tillman failed to appeal or proceed further in state court. Before both the Board and the 24th JDC, Tillman failed to raise any claim for racial discrimination.

Tillman filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), which issued a right-to-sue letter on January 26, 2012. The EEOC informed Tillman that based on its investigation, it was unable to conclude that the information submitted established a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Tillmant then filed his complaint in this Court, alleging racial discrimination under Title VII. The City of Westwego (the "City"), substituted as the proper party, now moves for summary judgment.

## II.   Summary Judgment Standard

Summary judgment is appropriate when there are no genuine issues as to any material facts, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A court must be satisfied that no reasonable trier of fact could find for the nonmoving party or, in other words, "that the evidence favoring the nonmoving party is insufficient to enable a reasonable jury to return a verdict in [his] favor." *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). The moving party bears the burden of establishing that there are no genuine issues of material fact.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof

at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325; *Lavespere*, 910 F.2d at 178. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See Celotex*, 477 U.S. at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue exists for trial. *See id.* at 325; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

**III.     Law and Analysis**

The City argues that Tillman's earlier litigation before the Board and the 24th JDC precludes this lawsuit based on the principle of res judicata, also known as claim preclusion. For the following reasons, the Court finds that res judicata bars Tillman's lawsuit here.[2]

Federal courts must give state court judgments "the same full faith and credit . . . as they have by law or usage in the courts of such state." 28 U.S.C. § 1738. The Supreme Court, in *Kremer v. Chemical Construction Corp.*, 456 U.S. 461 (1982), established a two part test to determine: (1) whether the law of the state in which the prior judgment is rendered would give that judgment preclusive effect against the claims asserted in the federal action; and (2) whether the party against whom preclusion is asserted had a full and fair opportunity in the state proceedings to litigate the claims. *Id.* at 481-82.

Because the circumstances surrounding Tillman's termination was adjudicated by the administrative and judicial branches of Louisiana, the Court must apply Louisiana's preclusion law.

---

[2] Because the Court grants the motion for summary judgment on the ground of res judicata, it does not address the City's other arguments.

4

Louisiana's preclusion statute, La. Rev. Stat. § 13:4231, mandates claim preclusion as follows:

> If judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.

La. Rev. Stat. § 13:4231(2).

Louisiana law would plainly preclude Tillman's Title VII race-discrimination claim because it arose from his termination from employment with the Department, the precise "occurrence" giving rise to his claims before the Board and the 24th JDC. Therefore, the first prong of the *Kremer* test is met because Louisiana law would claim preclude the cause of action asserted here.

*Kremer*'s second prong tests the due process sufficiency of the previous proceedings. This inquiry examines how Louisiana law structures and empowers the adjudicatory bodies that earlier adjudicated Tillman's claims.

Tillman's claims were governed by Louisiana Revised Statue § 33:2561. This statute, as part of Louisiana's comprehensive civil service laws, establishes procedures for classified employees employed by the fire and police civil service boards of small municipalities to appeal adverse employment actions. *See* La. Rev. Stat. § 33:2561(A) ("Any regular employee in the classified service who feels that he has been discharged . . . without just cause may . . . demand in writing a hearing and investigation by the board to determine the reasonableness of the action."). The relevant Board must, after receiving evidence, determine whether "the action was or was not taken in good faith for cause . . . ." La. Rev. Stat. § 33:2561(B)(2). The courts have defined "good faith" to be "the opposite of arbitrary or capricious action or of action that stems from prejudice or political expediency on the part of the appointing authority." *Cherry v. Monroe Mun. Fire & Police Civil Serv. Bd.*, 514 So. 2d 738, 739 (La. Ct. App. 1987); *see also Dyer v. City of Oakdale*, 542 So. 2d

5

1138, 1142 (La. Ct. App. 1989) ("[T]he Board did not act arbitrarily or discriminatorily in sustaining the dismissal of plaintiff so as to abuse its discretion."); *Ryder v. Pineville Civil Serv. Bd.*, 351 So. 2d 299, 300 (La. Ct. App. 1977) (affirming district court's decision under Section 33:2561 that abolition of plaintiff's position and plaintiff's subsequent reclassification to a lower position was neither arbitrary nor discriminatory).

The Louisiana state-court system provided more than adequate due process to Tilllman. Both the Board and the 24th JDC adjudicated his claims. Tillmant had the opportunity to raise any race-discrimination claim before either the Board or the 24th JDC. La. Rev. Stat. § 33:2544; *see also Moore v. Ware*, 839 So. 2d 940 (La. 2003) (adjudicating claims of race discrimination in Fire and Police Civil Service Board appeal). Because Tillman had the ability to raise his race-bias claims in the administrative and state judicial proceedings, he had a "full and fair opportunity" to present the substance of his current race-discrimination claim before those bodies. Because he could have, but failed to, argue that ground, he is claim-precluded from presenting his Title VII claim here.

**IV. Conclusion**

For the foregoing reasons,

**IT IS ORDERED** that defendant's Motion for Summary Judgment [Doc. #8] is GRANTED.

New Orleans, Louisiana, this 16th day of November, 2012.

_____
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**